# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **EDWIN HORTON WITHERSPOON, JR.,** | § | |
| **Tarrant No. 0458911** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:20-cv-1150-P** |
| | § | |
| **BILL WAYBOURN, TARRANT** | § | |
| **COUNTY SHERIFF, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Chaplain Wesley McDuffie's Rule 12(b)(1) Motion with Supporting Brief (ECF No. 14) and Appendix in Support (ECF No. 15); Defendant Chaplain Wesley McDuffie's Rule 12(b)(6) Motion with Supporting Brief (ECF No. 16); Plaintiff's Responses thereto and Appendix in Support (ECF Nos. 21-23); Defendant's Reply to Plaintiff's Response to Defendant's Rule 12(b)(1) Motion to Dismiss and Objections to Plaintiff's Evidence (ECF No. 25); and Defendant's Reply to Plaintiff's Response to Defendant's Rule 12(b)(6) Motion to Dismiss (ECF No. 26). Having considered the pleadings, legal briefing, appendices, record, and applicable law, and for the reasons that follow, the Court **GRANTS** Defendant Chaplain Wesley McDuffie's Rule 12(b)(1) Motion (ECF No. 14) and **GRANTS** Defendant Chaplain Wesley McDuffie's Rule 12(b)(6) Motion (ECF No. 16).

# I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On October 19, 2020, *pro se* Plaintiff Edwin Horton Witherspoon, Jr. ("Witherspoon"), a pretrial detainee at the Tarrant County Jail in Fort Worth, Texas, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Pl.'s Compl., ECF No. 1. Witherspoon has been permitted to proceed *in forma pauperis*. Because Witherspoon is proceeding *pro se* in this matter, the Court liberally construes his pleadings. *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006); *see also Haines v. Kerner*, 404 U.S. 519 (1972).[1]

Witherspoon alleges he follows the Messianic Jewish faith and that his faith requires him to eat kosher foods. He asserts multiple Defendants, by refusing to provide him with kosher meals, have violated the Religious Land Use and Institutionalized Persons Act (RLUPA), 42 U.S.C. § 2000cc-1 et seq. and the First Amendment's Free Exercise Clause. Witherspoon names as Defendants Tarrant County Sheriff Bill Waybourn ("Waybourn"),

---

[1] The court is mindful of the extent to which it must go in construing the pleadings of a non-lawyer but must also remember the limits of liberal construction. Witherspoon's *pro se* status does not exempt him from the requirement that he comply with relevant rules of procedural and substantive law, including Rule 8's pleading requirements. *See Hulsey v. Tex.*, 929 F.2d 168, 171 (5th Cir. 1991); *Boswell v. Honorable Governor of Texas*, 138 F. Supp. 2d 782, 785 (N.D. Tex. 2000) (Mahon, J.) ("While a complaint need not outline all the elements of a claim, the complaint must be comprehensible and specific enough to draw the inference that the elements exist."). The court does not excuse the failure to make any argument; nor does the requirement for liberally construing a petition give the court license to raise issues that the *pro se* litigant has omitted. *See, e.g., Johnson v. Quarterman*, 479 F.3d 358 (5th Cir. 2007) (*Pro se* briefs are entitled to liberal construction, but even *pro se* litigants must brief arguments in order to preserve them.); *Smith v. CVS Caremark Corp.*, 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) (But "liberal construction does not require that the Court . . . create causes of action where there are none[.]") (Boyle, J.).

Chaplain Wesley McDuffie ("Chaplain McDuffie"), Deputy Sargent Tom Wall ("Wall"), Deputy Lieutenant Eddie Harriage ("Harriage"), and Deputy Captain Emily Pedigo ("Pedigo").

Specifically, Witherspoon asserts that on August 12, 2020, and again on August 18, 2020, he requested that Defendant Chaplain McDuffie provide him with "a religious meal of kosher," and that on August 28, 2020, Chaplain McDuffie's "response was to define [his] religious belief by McDuffie's own belief." Compl. 4-5, ECF No. 1 and Ex. A (Summary of Requests). He alleges that on August 18, 2020, he once again requested kosher meals but Chaplain McDuffie's response was that Witherspoon had filed a duplicate request. *Id.* at 5. He alleges he then filed a grievance alleging that Chaplain McDuffie violated the RLUPA and the Religious Freedom Restoration Act ("RFRA"). *Id.* and Ex. B (Tarrant County Jail Inmate Grievance Form).

Witherspoon alleges that in response to his grievance, he received notification that, per "[t]he Chaplain's Office: Kosher meals are reserved for those of Jewish heritage, can provide specific conversion information, or can provide information of the Rabbi they were working with prior to their incarceration." *Id.* at 5-6 and Ex. B (Tarrant County Sheriff's Office Grievance Response Form). He next alleges on September 1, 2020, and on September 12, 2020, he filed further grievances complaining of the continued denial of his rights to exercise his religion because of Chaplain McDuffie's ongoing failure to provide him with kosher meals. *Id.* at 6-7. Witherspoon then contends he appealed the adverse

decisions on his prior grievances and that on September 17, 2020, the appeal board denied his appeal. *Id.* at 7 and Ex. C (Tarrant County Sheriff's Office Response to Level I Grievance Appeal). He further contends Defendants "have placed a choice in which [he] faces considerable pressure to abandon the religious exercise at issue." *Id.* at 8. He contends that as "a direct and proximate result of the deliberate indifference of [D]efendant[s], [he] has had to modify his belief or starve and to violate the commands of God, becoming defiled." *Id.* at 11. Witherspoon also alleges he "continues to suffer by Defendants' acts due to each Defendant defining and interpreting scripture and forcing that belief on [him]." *Id.* He claims he has exhausted his administrative remedies. *Id.* at 3. Witherspoon asks the Court to intervene on his behalf and seeks a temporary restraining order and injunction to enjoin Defendants from "further denial of [his] religious exercise" and asks the Court to mandate that Defendants "provide [his] religious dietary law meals." *Id.* at 12. He also asks for compensatory damages for "physical and mental anguish[.]" *Id.* Witherspoon was permitted to supplement his allegations by submitting answers to the Court's questionnaire, which he did on February 8, 2021. *See* Pl.'s Ans., ECF No. 7.

On April 1, 2021, after reviewing and screening Witherspoon's pleadings and answers to the Court's questionnaire under the provisions of 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B), the Court denied Witherspoon's application for temporary restraining order, dismissed his claims against all Defendants with the exception of those against Chaplain McDuffie, and permitted Witherspoon to obtain service of his claims against Chaplain

McDuffie. *See* Order Denying Motion for Temporary Restraining Order and Order of Partial Dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) (ECF No. 9); Judgment under Federal Rule of Civil Procedure 54(b) (ECF No. 10); Order Regarding Completion and Service of Summons (ECF No. 11).

On May 4, 2021, Chaplain McDuffie moved to dismiss all claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* ECF Nos. 14, 16. The motions have been fully briefed and are ripe for disposition.

## II. LEGAL STANDARDS

### A. Case or Controversy Requirement

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). The court cannot assume that it has jurisdiction; rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254,

1259 (5th Cir. 1988) (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)).

Article III of the United States Constitution limits federal jurisdiction to actual "[c]ases" and "[c]ontroversies." U.S. Const. art. III, § 2. "[C]ourts may not decide cases that since have become moot because there is no longer a live case or controversy." *Tex. v. EEOC*, 933 F.3d 433, 449 (5th Cir. 2019). The requirement that there be a case-or-controversy "subsists through all stages of federal judicial proceedings, trial and appellate. [I]t is not enough that a dispute was very much alive when suit was filed; the parties must continue to have a personal stake in the ultimate disposition of the lawsuit." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (internal citation and quotation marks omitted). A case becomes moot when "it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emp. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (internal quotation marks omitted).

With mootness, a plaintiff must demonstrate that he has a personal stake in the outcome of the litigation, and it continues through "all stages of review, not merely at the time the complaint is filed. A case that becomes moot at any point during the proceedings is ... outside the jurisdiction of the federal courts." *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1537 (2018) (citation and quotation marks omitted).

**B.      Fed. R. Civ. P. 12(b)(1)**

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001) (citation omitted). When a motion to dismiss for lack of subject matter jurisdiction is supported by evidence, it is considered a factual attack, and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). The court is therefore "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* In response to a factual attack, the plaintiff, as the party seeking to invoke jurisdiction, has the burden of submitting evidence and proving by a preponderance of the evidence the existence of subject matter jurisdiction. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). Regardless of whether the attack is facial or factual, the party asserting federal jurisdiction "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

Here, Chaplain McDuffie raises a factual challenge to the Court's subject matter jurisdiction.

### C.     Fed. R. Civ. P. 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8 does not require detailed factual allegations, but "it demands more than an unadorned, the- defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6).

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678-79. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

"Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations omitted); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A court may also consider documents that a defendant attaches to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

## III.   ANALYSIS

### A.      Rule 12(b)(1) Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Chaplain McDuffie raises a factual challenge to the subject matter jurisdiction of this Court. He contends that Witherspoon's request for injunctive and declaratory relief is moot because the Tarrant

County Sheriff's Office ("TCSO") is now providing Witherspoon with his requested kosher diet in accordance with the Religious Diet Participation Agreement that Witherspoon executed. Chaplain McDuffie, therefore, asks the Court to dismiss Witherspoon's claims for injunctive and/or declaratory relief under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, as there is no live case or controversy before the Court. For the reasons that follow, after considering the parties' arguments and evidence presented by both Chaplain McDuffie and Witherspoon,[2] the Court agrees that it lacks subject matter jurisdiction over Witherspoon's requests for injunctive and declaratory relief and dismisses these claims.

The undisputed evidence provided by Chaplain McDuffie in support of his factual challenge under Rule 12(b)(1) shows that Witherspoon initially claimed to be a Buddhist and vegetarian to medical staff and, on September 10, 2019, he sent a request for services to the Tarrant County Hospital District claiming that he needed "an ovalacto vegan diet

---

[2]In his reply brief (*see* Def.'s Reply, ECF No. 25 at 5), Chaplain McDuffie objects on multiple grounds to Witherspoon's exhibits from other inmates concerning their alleged religious diet requests. The Court has reviewed Witherspoon's Exhibits at Appendix D (ECF No. 23) and **sustains** Chaplain McDuffie's objection based on relevance. Because Witherspoon has not filed a class action, he lacks standing to raise complaints on behalf of any other jail inmates. *See McGowan v. Md.*, 366 U.S. 420, 429 (1961) ("[T]he general rule is that a litigant may only assert his own constitutional rights or immunities.") (internal quotation marks omitted). Evidence of any other inmate's complaint about his religious diet is, therefore, irrelevant to Witherspoon's claims. *See* Fed. R. Evid. 401, 402. Chaplain McDuffie also objects to Witherspoon's exhibits that constitute a settlement offer. The Court has reviewed Witherspoon's Exhibits at Appendix E (ECF No. 23) and **sustains** Chaplain McDuffie's objection. Federal Rule of Evidence 408 precludes introducing an offer or acceptance of a settlement "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408(a).

tray because I don't eat meat or anything that has a breath." Def.'s Ex. 1, ECF No. 15 at 3. The Tarrant County Hospital District informed him that medical staff did not provide vegetarian diets "[without] any cogent medical reason." *Id.* Medical staff, however, advised him that he could submit a request through the TCSO Chaplain's Office. *Id.* Consistent with federal law,[3] the TCSO sent Witherspoon a questionnaire to inquire about the sincerity and authenticity of his Buddhist faith and dietary beliefs. *Id.* Ultimately, the TCSO allowed Witherspoon to participate in its Religious Diet Program, Witherspoon signed a Religious Diet Participation Agreement, and the TCSO began providing Witherspoon with a lactovegetarian diet. Def.'s Ex. 4, ECF No. 15 at 15, 19-21. Under the Religious Diet Participation Agreement signed on October 1, 2019, Witherspoon agreed that he would not request a change of his religious diet for a year, and he also agreed that a violation of these rules could result in the termination of his participation in the religious diet program. *Id.*, ECF No. 15 at 16.

Prior to the expiration of one year, on July 21, 2020, Witherspoon sent a new message to the Chaplain's Office, writing, "I have been studying the Messianic Jewish rites and would like to apply for kosher meals please[,]" and he requested a new application. *Id.*, ECF No. 15 at 16. The TSCO requested additional information regarding

---

[3] *See Holt v. Hobbs*, 574 U.S. 352, 369 (2015) (Alito, J.) ("[P]rison officials may appropriately question whether a prisoner's religiosity, asserted as the basis for a requested accommodation, is authentic." (citing *Cutter v. Wilkinson*, 544 U.S. 709, 725 n.13 (2005) (Ginsberg, J.) ("[T]he [RLUIPA] does not preclude inquiry into the sincerity of a prisoner's professed religiosity."))

Witherspoon's conversion, as is permissible (*see supra* note 3). On August 23, 2020, still within the one-year period of his Religious Diet Participation Agreement, Witherspoon filed a grievance complaining about the "undue delay" of the Chaplain's Office in processing his request to change his religious diet. The Chaplain's Office responded to Witherspoon's request as follows:

> No pork, pork products or other unclean/unlawful meats are served in any TC jail meal. Kosher meals are reserved for those that are from Jewish heritage, can provide specific conversion information or can provide information of the Rabbi they were working with prior to their incarceration. If you can provide any of the above information, your request will be considered. In the event you cannot, the advising Rabbi would approve lactovegetarian meals since you are new to that faith. You are receiving lactovegetarian meals.

*Id.* Witherspoon's grievance was denied, and he appealed that decision. *Id.* Witherspoon's appeal was denied but he did not appeal that decision to the Sheriff per the TCSO's grievance process. *Id.*, ECF No. 15 at 17.

On October 13, 2020, Witherspoon filed this lawsuit. Given that the one-year period of his Religious Diet Participation Agreement had expired, the Chaplain's Office sent Witherspoon a new Religious Diet Questionnaire and instructed Witherspoon, "A Religious Diet Participation Agreement is being forwarded for your completion with detailed responses and information provided will be verified." *Id.*, ECF No. 15 at 17. After several months of inquiry regarding the nature of Witherspoon's conversion, and Witherspoon's generally declining to answer questions and referring the TSCO to this lawsuit, ultimately, the TCSO made the decision to provide Witherspoon with his requested

kosher diet. *Id.*, ECF No. 15 at 18. Witherspoon executed a new Religious Diet Participation Agreement and acknowledged it before Chaplain McDuffie. *Id.*, ECF No. 15 at 24. The TCSO Chaplain's Office sent the TCSO kitchen a memorandum on April 14, 2021, assigning kosher meals to Witherspoon. *Id.*, ECF No. 15 at 18, 25. Those meals are now being provided to him, and the TCSO Chaplain's Office has not heard from Witherspoon that he is not receiving those meals. Jail records confirm that Witherspoon is receiving his kosher meals. Def.'s Ex. 3, ECF No. 15 at 13. Weatherspoon's medical records indicate that he weighed approximately 230 pounds during his initial assessment on July 12, 2019, 288 pounds as of September 11, 2020, and 320 pounds as of April 16, 2021. Def.'s Ex. 1, ECF No. 15 at 2, 4; Def.'s Ex. 2, ECF No. 15 at 6.

Based on the evidence before the Court as summarized above, Witherspoon has failed to meet his burden of proof to show a live case or controversy, and his claims for injunctive and/or declaratory relief are moot. *See, e.g.*, *Mares v. LePage*, 16-cv-03082-RBJ-NYW, 2017 WL 3836042, at *4 (D. Colo. Aug 31, 2017) (finding inmate's religious diet claims were mooted because the facility provided the inmate the requested diet before he was transferred to another facility); *see also Cooper v. Sheriff, Lubbock Cnty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (claims for injunctive relief based on denial of food at prior jail were moot).

Further, although Witherspoon in response appears to be contending that this case is not moot because failure to provide a kosher diet is capable of repetition, he has failed

to meet this narrow exception to the mootness doctrine, which only applies where "(1) the challenged action is too short to be fully litigated before it ceases and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Coliseum Square Ass'n, Inc. v. Jackson*, 465 F.3d 215, 246 (5th Cir. 2006) (citations omitted); *see also Davis v. Fed. Election Comm'n*, 554 U.S. 724, 735 (2008). Witherspoon does not address the first prong. Under the second prong, which Witherspoon arguably raises, Witherspoon, as the party invoking jurisdiction, must show a "demonstrated probability" or "reasonable expectation," not merely a "theoretical possibility," that he will be subject to the same government action. *Libertarian Party v. Dardenne*, 595 F.3d 215, 217 (5th Cir. 2010).

Even liberally construed, Witherspoon does not meet his burden. His argument rests on mere speculation and the theoretical possibility that Chaplain McDuffie might not comply, at some unknown point in the future, with the Religious Diet Participation Agreement Witherspoon signed. This is insufficient. Further, Witherspoon's conjectural concern is misplaced because, as Chaplain McDuffie correctly argues in his reply brief, it is Witherspoon's own future behavior—not Chaplain McDuffie's—that will dictate whether Witherspoon continues receiving the kosher diet. Witherspoon has stated his conversion from Buddhism to Messianic Judaism and currently the TCSO is providing him with a kosher diet under the jail's religious diet program. Whether Witherspoon continues to abide by the Religious Diet Participation Agreement to receive his requested kosher diet

is within his control. Because Witherspoon offers only conjecture in support of his concern about the continuation of his kosher diet and has offered no competent evidence to rebut Chaplain McDuffie's evidence, he has failed to meet his burden of invoking the narrow exception to the mootness doctrine and his claims for injunctive or declaratory relief are moot.

Accordingly, after considering the pleadings and evidence, the Court determines that it lacks jurisdiction to issue any injunctive or declaratory relief. The Court, therefore, grants Chaplain McDuffie's Rule 12(b)(1) motion to dismiss challenging the Court's subject matter jurisdiction over Witherspoon's claims for injunctive and declaratory relief and will dismiss these claims as moot.

### B.    Rule 12(b)(6) Motion to Dismiss

Chaplain McDuffie also moves to dismiss Witherspoon's claim for compensatory damages pursuant to Federal Rule of Civil Procedure 12(b)(6) on numerous alternative grounds including, without limitation, that (i) Witherspoon has not pleaded a physical injury; (ii) Witherspoon has not pleaded a plausible official capacity claim against Chaplain McDuffie under *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978); and (iii) that Chaplain McDuffie in his individual capacity is entitled to qualified immunity. *See* Def.'s Rule 12(b)(6) Mot. (ECF No. 16).[4]

---

[4]Chaplain McDuffie also objects to Witherspoon's reliance on a recently-filed appendix to support his responsive arguments. *See* Pl.'s App. (ECF No. 23). The Court **sustains** the objection. Extrinsic evidence not included with a complaint is generally not appropriate for consideration in ruling on a 12(b)(6) motion. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

Although not clear based on his Complaint or answers to the Court's questionnaire, in his response, Witherspoon clarifies that he is not bringing any claims against Chaplain McDuffie in his individual capacity. Pl.'s Resp. 22, ECF No. 21. Accordingly, the Court will dismiss all individual capacity claims (including for injunctive/declaratory relief or any type of damages) against Chaplain McDuffie. *See Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 476 (5th Cir. 2001) ("A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them."). The Court, therefore, will only consider those arguments made by Chaplain McDuffie to support dismissal of Witherspoon's claims against him in his official capacity.

### 1.     Physical Injury Requirement

Chaplain McDuffie contends that "Witherspoon has not alleged he suffered any physical injury because of Chaplain McDuffie's purported conduct [and that] Witherspoon's failure to allege a physical injury is fatal to his claims for compensatory damages against Chaplain McDuffie." Def.'s Rule 12(b)(6) Mot. 4 (ECF No. 16). For the reasons that follow, after considering the legal briefing, pleadings, and applicable law, the Court agrees with Chaplain McDuffie that because Witherspoon pleads no physical injury in his Complaint or answers to the Court's questions, the recovery of compensatory damages for emotional or mental injuries allegedly suffered is precluded.

Title 42 U.S.C. § 1997e(e) provides that "No Federal Civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior

showing of physical injury or the commission of a sexual act." This requirement "applies to all federal civil actions in which a prisoner alleges a constitutional violation," including First Amendment and RLUIPA claims. *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005); *see also Mayfield v. Tex. Dep't of Criminal Justice*, 529 F.3d 599, 603, 605-06 (5th Cir. 2008) (affirming district court's grant of summary judgment in favor of defendants, where prisoner only sought compensatory damages and did not allege any physical injury regarding his claim that defendants violated his First Amendment right to freely exercise his religion). The application of Section 1997e(e) is based on "the relief sought, and not the underlying substantive violation." *Geiger*, 404 F.3d at 375; *see also Mayfield*, 529 F.3d at 605 ("We have held that the application of [§ 1997e(e)] . . . turns on the relief sought by a prisoner, and that it prevents prisoners from seeking compensatory damages for violations of federal law where no physical injury is alleged."). Section 1997e(e) does not bar claims for nominal and punitive damages. *See Pomier v. Leonard*, 532 F. App'x 553 (5th Cir. 2013); *Hutchins v. McDaniels*, 512 F.3d 193, 196-98 (5th Cir. 2007).

In his response, Witherspoon does not dispute Chaplain McDuffie's argument that he did not plead a physical injury. Instead, Witherspoon contends that (i) the physical injury requirement does not apply to a First Amendment claim; and (ii) that he is seeking nominal and punitive damages, and not compensatory damages. The Court addresses these contentions in turn.

*First*, the Court rejects Witherspoon's argument that the physical injury requirement does not apply to a First Amendment claim as contrary to Fifth Circuit case law. *See Geiger*, 404 F.3d at 374 ("To the extent Geiger seeks compensation for injuries alleged to have resulted from a First Amendment violation, the district court properly determined that his claim is barred by the physical injury requirement of § 1997e(e)."); *see also Carter v. Hubert*, 452 F. App'x 477, 479 (5th Cir. 2011) (affirming district court's grant of summary judgment on prisoner's "First Amendment claim that the defendants denied him the right to freely exercise his religion by confiscating his Bible and other religious pamphlets because he [did] not allege that he suffered a physical injury that was more than de minimis"); *Delafosse v. Stalder*, No. 05-30173, 2006 WL 616053, at *1 (5th Cir. Mar. 13, 2006) (explaining that district court properly applied "the physical-injury requirement of 42 U.S.C. § 1997e(e) [as] bar[ring] [prisoner's] First Amendment claim for compensatory damages due to denial of a religious diet").

*Second*, the Court has scoured the Complaint (ECF No. 1) and Witherspoon's answers to its questions (ECF No. 8) and, even liberally construed, concludes that Witherspoon never sought punitive or nominal damages. Further, given Witherspoon's judicial admission that he is not pursuing individual-capacity claims against Chaplain McDuffie, and is only pursuing official-capacity claims, any request for punitive damages is foreclosed. A lawsuit against a governmental official in his official capacity is "only another way of pleading an action against an entity of which [the official] is an agent."

*Monell*, 436 U.S. at 690 n.55. "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is . . . treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Title 42 U.S.C. § 1983 does not permit punitive damages on official-capacity claims. *See Wilson v. Houston Cmty. Coll. Sys.*, 955 F.3d 490, 500 n.63 (5th Cir. 2020) (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270-71 (1981) (holding that municipalities and other government entities are immune from punitive damages under § 1983)).

In short, having considered the Complaint (ECF No. 1), as supplemented by Witherspoon's answers to the Court's questionnaire (ECF No. 8), the Court concludes Witherspoon has not alleged he suffered any physical injury because of Chaplain McDuffie's purported conduct. In addition, notwithstanding Witherspoon's statement in his response brief that he is seeking punitive and nominal damages, his pleadings and answers to the Court's questions, even liberally construed, show otherwise. And even were he seeking punitive damages, such relief is foreclosed given Witherspoon's admission that he is only suing Chaplain McDuffie in his official capacity. Under Fifth Circuit law, Witherspoon's failure to allege a physical injury requires the Court to dismiss his claims for compensatory damages against Chaplain McDuffie.

### 2.    Official Capacity Claim under *Monell*

As previously explained, Witherspoon sues Chaplain McDuffie under Section 1983 for alleged violations of the First Amendment and the RLUIPA arising out of his religious

diet request. *See* Compl. (ECF No. 1); Pl.'s Ans. Court Questionnaire (ECF No. 8). In the alternative to his motion to dismiss for failure to allege a physical injury, Chaplain McDuffie moves to dismiss because Witherspoon has failed to state an official capacity claim under *Monell*. Having considered the legal briefing and pleadings, for the reasons that follow, the Court agrees.

Title 42 U.S.C. § 1983 "provides a civil remedy in federal court for violations, under color of state law, of a person's constitutionally recognized rights, privileges, or immunities." *Miller v. Metrocare Servs.*, 809 F.3d 827, 833 (5th Cir. 2016) (quoting *Bledsoe v. City of Horn Lake*, 449 F.3d 650, 653 (5th Cir. 2006)). To state a claim under Section 1983, a plaintiff must: (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person or entity acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Bass v. Parkwood Hospital*, 180 F.3d 234, 241 (5th Cir. 1999).

A governmental entity, such as Tarrant County, can be sued and subjected to monetary damages and injunctive relief under Section 1983 only if its official policy or custom causes a person to be deprived of a federally protected right. *Board of the Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 694. A governmental entity cannot be liable for civil rights violations under a theory of respondeat superior or vicarious liability. *Id.*; *Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979)

(recognizing that "state vicarious liability doctrines are inapplicable in [section] 1983 suits.").

Official policy is defined as:

1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's [or county's] lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

2. A persistent, widespread practice of city [or county] officials or employees which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal [or county] policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality [or county] or to an official to whom that body had delegated policy-making authority.

*Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc ); *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (en banc). For purposes of a motion to dismiss under Rule 12(b)(6), a plaintiff must plead facts from which the court can reasonably infer that the "challenged policy was promulgated or ratified by the city's [or county's] policymaker." *Groden v. City of Dallas, Texas*, 826 F.3d 280, 285 (5th Cir. 2016). "[C]ourts should not grant motions to dismiss for [the] fail[ure] to plead the specific identity of the policymaker." *Id.* (citation omitted).

"To survive a motion to dismiss, a complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts.'" *Balle v. Nueces Cnty., Texas*, 952 F.3d 552, 559 (5th Cir. 2017) (quoting *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997)).

Thus, pleadings are sufficient when they make "specific factual allegations that allow a court to reasonably infer that a policy or practice exists and that the alleged policy or practice was the moving force" behind the alleged constitutional injury. *Id.* (citation omitted).

Plaintiff fails to state a claim for liability under Section 1983 against Chaplain McDuffie in his official capacity because Witherspoon's Complaint (supplemented by his answers to the Court's questions), even liberally construed, fails to state supporting facts identifying a policy, a policymaker to whom lawmakers have delegated policy-making authority, an ordinance, a regulation, a decision by a policymaker, or a widespread custom that fairly represents a policy that is the moving force behind an alleged violation of his constitutional rights.

Witherspoon does not identify a policy or widespread practice that allegedly caused his claimed constitutional violations. He does not identify any widespread practice caused by the absence of any policy. Rather, Witherspoon has alleged an isolated incident, which is insufficient to plead a pattern or practice. *See Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992). Because Witherspoon has not alleged facts that identify a policy or practice that caused constitutional violations, he has not properly pleaded the policy/custom element under the *Twombly*/*Iqbal* standard.

In addition, he does not allege facts supporting that an official policymaker promulgated an unconstitutional policy regarding his request for a religious diet. The Court

has already determined that "Witherspoon fail[ed] to allege any specific conduct on the part of [Sheriff] Waybourn [who is a policymaker] that would render him subject to this section 1983 lawsuit." *See* Order 7 note 1 (ECF No. 9). Accordingly, Witherspoon has not properly pleaded the policymaker element under the *Twombly*/*Iqbal* standard.

He also fails to allege that the custom or policy served as the moving force behind the alleged constitutional violation. Accordingly, Witherspoon has not properly pleaded the causation element under the *Twombly/Iqbal* standard.

In short, even viewing the well-pleaded allegations as true and liberally construing his pleadings in light of his *pro se* status, the Court cannot reasonably infer that a policy or custom exists, that a final policymaker actually or constructively knew of its existence, or that the custom or policy served as the moving force behind any alleged constitutional violation. As such, the Court cannot reasonably infer that Chaplain McDuffie in his official capacity is liable for the misconduct alleged and concludes that Witherspoon's allegations fail to state a plausible Section 1983 claim against Chaplain McDuffie in his official capacity. Accordingly, in the alternative to granting Defendant Chaplain McDuffie's Rule 12(b)(6) motion to dismiss Plaintiff's Section 1983 claim because he fails to plead a physical injury, the Court grants his motion for failure to allege an official capacity claim under *Monell*.

### 3.    RFRA

Chaplain McDuffie also moves to dismiss any claim Witherspoon may be seeking to bring against him under the Religious Freedom Restoration Act of 1993 ("RFRA"), 42 U.S.C. § 2000bb *et seq.* Witherspoon mentions RFRA in his Complaint in reference to grievances he filed, but it is unclear if Witherspoon is also suing under RFRA. RFRA only applies to the federal government and its actors. *See Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 289 (5th Cir. 2012). Chaplain Wesley McDuffie is not a federal actor and, therefore, RFRA does not apply. Accordingly, insofar as Witherspoon is seeking to bring a RFRA claim, the Court will grant Chaplain McDuffie's motion to dismiss this claim.

### 4.    Chapter 653 of the Texas Government Code

Chaplain McDuffie also moves to dismiss any claim Witherspoon may be seeking to bring against him under Chapter 653 of the Texas Government Code, which concerns "Bonds Covering Certain State Officers and Employees." Witherspoon references section 653.001, which states that the chapter is the "State Employee Bonding Act." *See* Compl. (ECF No. 1) (citing Tex. Gov't Code Ann. § 563.001). By Witherspoon's own pleadings, he acknowledges that Chaplain McDuffie is the chaplain for the Tarrant County Sheriff's Office, and, therefore, is not a state officer or employee. Consequently, Chapter 653 of the Texas Government Code has no application to this action, and Witherspoon has failed to state a claim that he is entitled to any relief that might be provided under Chapter 653.

Accordingly, insofar as Witherspoon is seeking to bring a claim under Chapter 653 of the Texas Government Code, the Court will grant Chaplain McDuffie's Rule 12(b)(6) motion to dismiss this claim.

## IV.    LEAVE TO AMEND

Generally, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). However, the Court is not required to grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* For the reasons outlined here, Witherspoon's claims against Chaplain McDuffie are fatally infirm. In addition, the Court has already given him the opportunity to supplement his Complaint by his Answers to the Court's Questionnaire. *See* Pl.'s Answers to Court's Questions, ECF No. 8. Thus, the Court concludes Witherspoon has already pleaded his best case and granting leave to amend would be futile and cause needless delay.

## V.    CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant Chaplain Wesley McDuffie's Rule 12(b)(1) Motion (ECF No. 14) and **GRANTS** Defendant Chaplain Wesley McDuffie's Rule 12(b)(6) Motion (ECF No. 16). Accordingly, Witherspoon's claims for injunctive and declaratory relief against Chaplain McDuffie in his official capacity are **dismissed without prejudice as moot**; Witherspoon's § 1983 claim for compensatory damages against Chaplain McDuffie in his official capacity is **dismissed**

**with prejudice** for failure to state a claim; Witherspoon's claims, if any, against Chaplain McDuffie for violations of RFRA or under Chapter 653 of the Texas Government Code are **dismissed with prejudice** for failure to state a claim; and Witherspoon's claims against Chaplain McDuffie in his individual capacity (including for injunctive/declaratory relief or any type of damages) are **dismissed without prejudice** based on his judicial admission that he is not bringing any claims against Chaplain McDuffie in his individual capacity.

In accordance with Federal Rule of Civil Procedure 58(a), a final judgment will issue separately.

**SO ORDERED** this **25th day** of **June, 2021.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE